UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALLEN HARPER,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA V. TRUMBULL,<br><br>Defendant. | Case No. 23-cv-02623-HSG<br><br>**ORDER DENYING SECOND AND THIRD MOTIONS FOR DEFAULT JUDGMENT AND TERMINATING ADR STIPULATION**<br><br>Re: Dkt. No. 36 |

Pending before the Court are four filings by pro se Plaintiff Paul Harper: two motions for default judgment (Dkt. Nos. 36 and 43), one motion requesting that the Court make a good cause finding (Dkt. No. 39), and a stipulation and proposed order selecting an early settlement conference with a magistrate judge (Dkt. No. 24).

As background, on August 17, 2023, the Court issued an order stating that "[i]f Plaintiff fails to serve the United States by August 31, 2023, the Court will dismiss the action without prejudice, absent a showing of good cause."[1] Dkt. No. 35. On August 31, 2023, Plaintiff filed a motion appearing to argue that he had good cause for missing that day's service deadline because the Clerk failed to issue summons despite Plaintiff's request. *See* Dkt. No. 39-1. On September 13, 2023, the United States, on behalf of retired Magistrate Judge Patricia V. Trumbull, filed a notice with the Court indicating that Plaintiff's summons and complaint had not been received by or since the Court's August 31 deadline. *See* Dkt. No. 40.[2] This is consistent with the Court's

---

[1] Plaintiff filed his complaint on May 26, 2023, *see* Dkt. No. 1, making the service deadline under Federal Rule of Civil Procedure 4(m) August 24, 2023. The Court's deadline of August 31 therefore already represented a one-week extension in Plaintiff's favor.

[2] The Notice also enclosed a copy of a letter government counsel sent to Plaintiff on August 15, 2023, which reminded him of the service requirements under Federal Rule of Civil Procedure 4(i) when a former government employee is sued in her official capacity. The letter also directed him

understanding, as no docket entries suggest Plaintiff properly effectuated service on the United States.

Given the lack of proper service, Defendant's time to respond to Plaintiff's complaint has not commenced. By definition, then, Defendant cannot be not in default. Nor has Plaintiff requested that the Clerk enter default against Defendant, which as the Court has explained is a necessary step before the Court can consider entering a default judgment. *See* Dkt. No. 15 and Fed. R. Civ. P. 55. As a result, the Court **DENIES** Plaintiff's second and third motions for default judgment, Dkt. Nos. 36 and 43.

The recurring problem in this case is that Plaintiff has repeatedly addressed proposed summonses to Magistrate Judge Trumbull at her home address, which should not be on the public docket. (*See* Dkt. Nos. 14, 16, 17 [Proposed Summonses]; 29-31 [Redacted Summonses]). The U.S. Attorney's Office has informed Plaintiff that it represents Judge Trumbull and that any filings should be directed to AUSA Johann at the office's address. Dkt. No. 40 at 4. Plaintiff has failed to serve the United States despite these instructions.

To move the case forward and enable the United States to respond to the complaint (which appears very likely barred by judicial immunity), the Court **ORDERS** Plaintiff within seven days from the issuance of this order to file a proposed summons with the Clerk addressed to:

    Defendant Patricia Trumbull
    c/o Pamela Johann
    United States Attorney's Office
    450 Golden Gate Avenue
    9th Floor, Box 36055
    San Francisco, CA 94102

Plaintiff *must not* include Judge Trumbull's personal address, and must populate all required fields of the summons (such as the address at which Plaintiff can receive Defendant's answer or responsive motion). Within twenty-one days of the issuance of the summons, this Court further **ORDERS** Plaintiff to serve the summons and complaint on the United States Attorney's

---

to this Court's help center for pro se litigants for further assistance. *See* Dkt. No. 40 at 4.

Office at the same address. The Court reminds Plaintiff that he may wish to contact this district's help center for pro se litigants by calling (415) 782-8982 or emailing fedpro@sfbar.org.

If plaintiff fails to timely comply with these directions, the Court will dismiss the case without prejudice under Federal Rule of Civil Procedure 4(m).

In light of this ruling, which grants Plaintiff additional time to obtain a valid summons and effectuate service, the Court **TERMINATES AS MOOT** Plaintiff's motion regarding good cause, Dkt. No. 39.

For the same reasons outlined in the Court's prior order sealing other docket entries (Dkt. No. 20) and good cause appearing, the Court further **DIRECTS** the Clerk's Office to seal Dkt. Nos. 36 and 43, and to e-file the attached redacted version of the documents on the docket as standalone documents.[3]

Finally, the Court **TERMINATES AS MOOT** Plaintiff's Stipulation and Proposed Order Selecting ADR Process (Dkt. No. 24) because it does not appear to have been signed by the Defendant.

**IT IS SO ORDERED.**

Dated:  10/6/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Dkt. Nos. 36-1 and 43-1, which do not include the retired judge's address, do not need to be sealed.