UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALLEN HARPER,<br>Plaintiff,<br>v.<br>PATRICIA V. TRUMBULL,<br>Defendant. | Case No. 23-cv-02623-HSG<br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 51 |

Pending before the Court is Defendant Patricia Trumbull's motion to dismiss. Dkt. No. 51. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion, Dkt. No. 51, and **TERMINATES** the Administrative Motion at Dkt. No. 54.[1]

**I.   BACKGROUND**

On May 26, 2023, Plaintiff Paul Harper, representing himself, filed a lawsuit against former Magistrate Judge Patricia V. Trumbull.[2] *See* Dkt. No. 1 ("Compl."). While the details are murky, Plaintiff appears to bring civil rights claims against Judge Trumbull based on discovery orders she issued in a prior case "in clear absents [sic] of All jurisdiction."[3] *See* Compl. at 6.

After months of repeatedly filing ineffective summons and motions for default judgment

---

[1] On January 26, 2024, Defendant's counsel filed an administrative motion seeking a continuance to its reply deadline "[t]o the extent that the Court determines that a reply brief . . . is required to resolve the matter." Dkt. No. 54 at 2. Because the Court agrees with Defendant's counsel that resolution of the motion is "appropriate on the basis of the current record, without need for further briefing or proceedings," it issues this order in lieu of granting the administrative motion.
[2] Sadly, the Court learned on January 17, 2024 that the Honorable Patricia V. Trumbull passed away. *See* Dkt. No. 52.
[3] While the Court finds that it need not recapitulate the details of Judge Trumbull's prior orders for purposes of this decision, Defendant's moving papers helpfully summarize the procedural background at issue. *See* Dkt. No. 51 at 3-5.

1  (all of which the Court denied), Plaintiff finally effectuated service of the summons and complaint
2  on Judge Trumbull in late 2023.  *See* Dkt. Nos. 49, 50.  Judge Trumbull timely moved to dismiss
3  the complaint on January 5, 2024, arguing that Plaintiff's claims were barred by the doctrine of
4  judicial immunity and the applicable statute of limitations.  *See* Dkt. No. 51 ("Mot.").

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of the doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  That said, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  And even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266,

United States District Court
Northern District of California

268 (9th Cir. 1982). This is because "pro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

### III.  DISCUSSION

Plaintiff is seeking to sue Patricia Trumbull, a former magistrate judge, for actions taken in the course of her official duties. But because a federal judge is absolutely immune from civil liability for acts performed in her judicial capacity, Plaintiff's claim is barred by the doctrine of absolute judicial immunity. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir.1996); *Ryan v. Bilby*, 764 F.2d 1325, 1328 & n.4 (9th Cir. 1985) (holding that magistrate judges, as judicial officers, are covered by the judicial immunity doctrine). "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). This is true "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

And while a judge "will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction,'" *Stump*, 435 U.S. at 356-57, *see also Bradley v. Fisher*, 80 U.S. 335, 351 (1871), there is no indication that Judge Trumbull acted in the "clear absence" of jurisdiction when she entered the discovery orders at issue here. Even if Plaintiff had not consented to magistrate jurisdiction, a magistrate judge is authorized by statute and federal and local civil rules to decide non-dispositive pretrial matters – concerning discovery issues, for example – without the need for the parties' consent. Mot. at 7; *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; N.D. Cal. Local Civil Rule 72-1; *see Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (magistrate judge has jurisdiction to determine matters other than the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A)). In light of the judicial immunity bar, then, Plaintiff's complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory" against Judge Trumbull. *Mendiondo,* 521 F.3d at 1104. [4]

---

[4] As there is no other party that can be properly substituted for Judge Trumbull after her passing based on the nature of Plaintiff's allegations, his claims are extinguished upon dismissal of the

1    Accordingly, the Court **GRANTS** Judge Trumbull's motion to dismiss based on the
2    doctrine of judicial immunity.[5]  The Court further finds that this case presents the rare
3    circumstance in which leave to amend even once is unwarranted.  First, this is the latest in a long
4    string of cases that Plaintiff has filed in federal court against judges or court clerks, all of which
5    failed in light of the judicial immunity bar.  *See* Mot. at 3-5.  Second, and more importantly, given
6    the gravamen of Plaintiff's allegations against Judge Trumbull, it is clear that amendment would
7    be futile.  *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008).

## IV.   CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss without leave to amend, Dkt. No. 51, and **TERMINATES** Defendant's administrative motion, Dkt. No. 54.  The Court further **DIRECTS** the Clerk to enter judgment in favor of Defendant Patricia Trumbull and close the file.

**IT IS SO ORDERED.**

Dated:   1/29/204

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

complaint.
[5] Because the Court finds this issue dispositive, it need not reach the question of whether Plaintiff's claims – which relate to events in the 2000s – are time-barred by the two-year limitations period applicable to federal civil rights claims.  Mot. at 8.

4