ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Ave. Box 36055
    San Francisco, CA 94102-3495
    Telephone:    (415) 436-7025
    Facsimile:    (415) 436-6748
    pamela.johann@usdoj.gov

Attorneys for UNITED STATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL ALLEN HARPER, | Case No. 23-cv-02623-HSG |
|     Plaintiff, | **ADMINISTRATIVE MOTION TO CONTINUE DEADLINE FOR FILING OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT; ORDER** |
| v. | |
| PATRICIA V. TRUMBULL, | |
|     Defendant. | |

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(A), the United States[1] hereby moves the Court for an order to continue Defendant's deadline for filing an Opposition to Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(a), Dkt. No. 61.

    1.    Plaintiff served the Complaint and Summons on Defendant Magistrate Judge Patricia Trumbull, through her attorney of record, on November 6, 2023. *See* Dkt. Nos. 49, 50, 60.

---

[1] The United States files this Administrative Notice pursuant to 28 U.S.C. § 517. which authorizes Department of Justice attorneys to "attend to the interests of the United States in a suit pending in the court of the United States."

ADMINISTRATIVE MOTION TO CONTINUE MOTION DEADLINES
Case No. 23-cv-02623-HSG    1

2.  Judge Trumbull died on January 14, 2024.  The undersigned filed a Statement Noting Death on January 17, 2024, and on the same day served the Statement on Plaintiff at his address of record.  Dkt. Nos. 52, 52-1.

3.  On January 29, 2024, this Court granted Judge Trumbull's motion to dismiss, which she timely filed on January 5, 2024, prior to her death.  Dkt. No. 55; *see* Dkt. No. 51 (motion to dismiss). Judgment was entered the same day, and the matter was closed.  Dkt. No. 56.

4.  Following dismissal of this action, Plaintiff filed a request for entry of default.  Dkt. No. 57.  The clerk declined Plaintiff's request on February 13, 2024.  Dkt. No. 58.

5.  On March 1, 2024, Plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 59(a) and 59(e) to alter or amend the judgment.  Dkt. No. 61.  In the motion caption, Plaintiff also cites Federal Rules of Civil Procedure 25(a)(1) (substitution of parties) and 55 (default judgment).  *Id.*

6.  The undersigned, former counsel for Judge Trumbull, cannot file an opposition to Plaintiff's motion on behalf of Judge Trumbull because of her death.  While Plaintiff cites the federal rule governing a motion for substitution following the death of a party, the motion itself does not contain any such request, and no such motion has otherwise been filed or granted.  Accordingly, there is no proper defendant in this case, and no opposition can be filed.

7.  The United States respectfully suggests that Plaintiff's motion lacks merit, and denial of the motion on the basis of the current record, without need for further briefing or proceedings, is warranted.  First, Plaintiff's motion, which was filed on March 1, 2024, 32 days after the entry of judgment, is untimely.[2]  *See* Fed. R. Civ. P. 59(e) (motion to alter or amend must be filed no later than 28 days after the entry of judgment); *Peng Chan v. Time Warner Inc.*, 740 F. App'x 617, 618 (9th Cir. 2018); *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992) (court has no discretion to consider an untimely Rule 59(e) motion).  Second, Plaintiff has not established that reconsideration would be appropriate under either Rule 59 or Rule 60(b).  *See Hartford Fire Ins. Co. v. Tempur-Sealy Int'l, Inc.*, No. 14-cv-01661-HSG, 2016 WL 2851577, at *1 (N.D. Cal. May 16, 2016) ("Rule 59(e) is an

---

[2] Even if the motion were deemed filed as of the date of mailing, Plaintiff signed and mailed the motion on February 27, 2024, which is outside the 28-day period prescribed by Rule 59(e).  *See* Dkt. No. 61-3.

'extraordinary remedy'"); *Kelly v. CubeSmart*, No. 22-cv-05470-HSG, 2024 WL 170770, at *1 (N.D. Cal. Jan. 16, 2024) (denying Rule 60(b) motion). Third, the clerk correctly declined to enter default because Judge Trumbull timely responded to the complaint and, in any event, the case had already been dismissed. *See Sorensen v. Bastian*, No. 22-15320, 2023 WL 4421392, at *1 (9th Cir. July 10, 2023) (a timely Rule 12(b)(6) motion extends the deadline to answer; "[b]ecause the district court granted the motion to dismiss, the defendants were not required to file an answer," and the court correctly held that the defendants were not in default). Fourth, under Rule 25(a)(1), neither Defendant's former attorney nor any other representative was under any obligation to file a motion for substitution. *See* Fed. R. Civ. P. 25(a)(1) ("[A] motion for substitution *may be* made by any party or by the decedent's successor or representative"); *see Benavidez v. Andrus-Maxwell*, No. 21-cv-0320, 2023 WL 1927697, at *1 (D.N.M. Feb. 10, 2023) (Rule 25(a)(1) "does not mandate that a party act affirmatively to assure that the opposing party can maintain their claims").

8. To the extent that the Court determines that further briefing or hearing is required to resolve this matter, the United States requests that the date for filing any opposition be continued pending the substitution of a proper defendant. If no motion to substitute is filed by April 16, 2024, the proceedings against Judge Trumbull should be dismissed and the present motion terminated pursuant to Federal Rule of Civil Procedure 25(a)(1).

DATED: March 15, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

      */s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for UNITED STATES

**ORDER**

The United States' Administrative Motion is DENIED.

IT IS SO ORDERED.

DATED: 3/18/2024



_____
THE HONORABLE HAYWOOD S. GILLIAM, JR.
United States District Judge