1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

PAUL ALLEN HARPER,

Case No. 23-cv-02623-HSG

8

Plaintiff,

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

9

v.

10

PATRICIA V. TRUMBULL,

Re: Dkt. No. 61

11

Defendant.

12

Pending before the Court is Plaintiff Paul Harper's motion to alter or amend the judgment

13

previously entered in this case.  Dkt. No. 61.  For the reasons detailed below, the Court **DENIES**

14

the motion.

15

**I.     BACKGROUND**

16

On January 29, 2024, the Court granted the late Magistrate Judge Patricia V. Trumbull's

17

motion to dismiss Plaintiff's complaint on judicial immunity grounds.  Dkt. No. 55.  Following

18

that order, the Clerk entered judgment in favor of Judge Trumbull against Plaintiff Harper and

19

closed the case.  Dkt. No. 56.  A few weeks later, Plaintiff filed a request for entry of default, Dkt.

20

No. 57, which the Clerk declined to enter, Dkt. No. 58.  On March 1, 2024, Plaintiff filed a motion

21

to alter or amend judgment, citing Federal Rule of Civil Procedure 59 among others.  Dkt. No. 61.

22

Though the filing is difficult to parse, it appears that Plaintiff seeks an order altering or amending

23

the Court's dismissal order and the Clerk's entry of judgment in Defendant's favor.  Because

24

Plaintiff Harper proceeds pro se and there is some ambiguity concerning the basis for the request,

25

the Court will construe the filing liberally as a motion for reconsideration under Rules 59(e) and

26

60(b).

27

**II.    LEGAL STANDARD**

28

Where a court's ruling has resulted in a final judgment or order, a motion for

United States District Court
Northern District of California

1    reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule

2    60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  *See Am.*

3    *Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Under Rule

4    59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry

5    of the judgment."  Fed. R. Civ. P. 59(e).  The Ninth Circuit has clarified that such motions may

6    only be granted in limited circumstances: "(1) the district court is presented with newly discovered

7    evidence, (2) the district court committed clear error or made an initial decision that was

8    manifestly unjust, or (3) there is an intervening change in controlling law."  *See Zimmerman v.*

9    *City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  The denial of a motion for reconsideration

10   under Rule 59(e) is construed as a denial of relief under Rule 60(b).  *See McDowell v. Calderon*,

11   197 F.3d 1253, 1255, n.3 (9th Cir. 1999) (en banc).

12           Rule 60(b), in turn, permits a party to seek relief from a final judgment for any reason that

13   justifies relief.  *See* Fed. R. Civ. P. 60(b).  Rule 60(b)(6) is a "catchall provision" that applies only

14   when the reason for granting relief is not covered by any of the enumerated reasons set forth in

15   Rule 60, which include, among others, "mistake inadvertence, surprise, or excusable neglect"

16   (Rule 60(b)(1)), "newly discovered evidence" (Rule 60(b)(2)), and "fraud . . . misrepresentation,

17   or misconduct by an opposing party" (Rule 60(b)(3)).  *See United States v. Washington*, 394 F.3d

18   1152, 1157 (9th Cir. 2005).  Motions for reconsideration should not be frequently made or freely

19   granted; they are not a substitute for appeal or a means of attacking some perceived error of the

20   court.  *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.

21   1981).

22   **III.    DISCUSSION**

23           The Court deems reconsideration of its dismissal order and entry of judgment against

24   Plaintiff unwarranted under either Rules 59(e) or 60(a).  Though Plaintiff's arguments are murky,

25   he appears to claim that Defendant Trumbull failed to appear in or defend this action after her

26   passing in January 2024, invalidating the Court's subsequent order on her motion to dismiss.  This

27   argument is neither here nor there: though Judge Trumbull had regrettably passed by the time the

28   Court ruled on her motion to dismiss in late January, there was no intervening failure to defend or

United States District Court
Northern District of California

1    appear.  Plaintiff also seems to take issue with the Court's characterization of his case as a "civil

2    rights" action, and the applicable statute of limitations.  For one, the Court specifically stated in its

3    dismissal order that "it need not reach the question of whether Plaintiff's claims" were time-

4    barred, so any disagreement about the applicable statute of limitations is functionally irrelevant.

5    Dkt. No. 55 at 4 n.5.  And two, regardless of how Plaintiff's complaint is characterized (as a "civil

6    rights" action or as a "Fourteenth Amendment due process of law violation," as urged), the

7    dispositive fact is fixed: Defendant Trumbull was absolutely immune from civil liability for acts

8    performed in her judicial capacity as a federal magistrate judge.  *See* Dkt. No. 55.  Since Plaintiff

9    did not and cannot adequately plead that the judicial acts with which he takes issue were made in

10   the "clear absence of all jurisdiction," his suit cannot proceed for the reasons discussed in the

11   dismissal order.

12   Even if Plaintiff's motion had been timely under Rule 59(e) (which it was not, since it was

13   filed more than 28 days after entry of judgment), these arguments are plainly inadequate to secure

14   the requested relief.  Plaintiff has not pointed to newly discovered evidence, manifestly unjust

15   clear error, or an intervening change in controlling law which would justify amending or altering

16   judgment under that provision.  *See Zimmerman*, 255 F.3d at 740.  Nor is relief appropriate under

17   Rule 60(b)'s more expansive grounds to grant relief from judgment, as Plaintiff has not persuaded

18   the Court that any of the enumerated reasons – or any other reason – justifies revisiting its prior

19   order.

20   **IV.    CONCLUSION**

21   The Court **DENIES** the motion to alter or amend the judgment.  Dkt. No. 61.  No further

22   filings will be accepted in this closed case.  If Plaintiff continues to disagree with the orders and

23   judgment entered in his case, appeal is the sole appropriate recourse.

24   **IT IS SO ORDERED.**

25   Dated:  3/28/2024

26

27   HAYWOOD S. GILLIAM, JR.
     United States District Judge

28

3